IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| CESAR PENA, JR., | § | |
| TDCJ-CID # 637748, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-04-0107 |
| | § | |
| DOUGLAS DRETKE, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Cesar Pena, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a complaint under 42 U.S.C. § 1983 against the following TDCJ-CID officials in their individual capacities: TDCJ-CID Director Douglas Dretke, TDCJ-CID Stevenson Unit Warden Brad Casal, and TDCJ-CID Gang Intelligence Officers Emil Garza, and Agapito Villareal. Pena complains that he has been subjected to cruel and unusual punishment as a result of being held in administrative lock-down at his unit. He has also filed motions for court appointed counsel, production of documents, and a formal investigation by the Federal Bureau of Investigation. The court will deny the motions and dismiss this action as frivolous.

### I. Allegations

Pena is assigned to the Stevenson Unit. He states that he is a former gang member who entered a program, Gang Renouncement and Disassociation (GRAD), and completed the process.

On May 4, 2004, Warden Casal ordered a lock-down for all active and suspected gang members at the Stevenson Unit. The stated reason for the lock-down was that gang intelligence officers had received reports that members of one gang had received orders to attack members of a rival gang. Pena was included in this group of suspected gang members although Warden Casal and Officer Garza were aware of his ex-gang member status.

Pena complains that he has been subjected to cruel and unusual punishment because of the lock-down status. He states that he has had to eat cold meals and go without showers for as long as seventy-two hours. Pena further complains that he has been subjected to shake-downs (searches) on a regular basis. He also asserts that the lock-down places him in danger because there is a likelihood that active gang members might attack him if they were to find out that he is a former gang member.  Pena disputes Warden Casal's declaration that the lock-down order was made in the interest of the prisoners' well being. Pena asserts that the reports of a planned gang assault were merely a pretext for the lock-down. He denies that he or any other prisoner in lock-down has engaged in any disruptive behavior that would warrant such treatment by the prison authorities. Pena contends that the regional director has recommended the discontinuance of the lock-down and a release of the suspected gang members including Pena. Despite the recommendation, Casal and his officers have continued the lock-down.

Pena alleges that he has complained to Dretke but Dretke has failed to correct the alleged deficient conditions. Pena seeks an order from this court for an FBI investigation and an injunction for his release into general population.

## II. Analysis

In order to establish a claim under section 1983, a prisoner must assert facts which demonstrate that he was deprived of a constitutional right or federal statutory right. *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995), *citing Hernandez v. Maxwell*, 905 F.2d 94, 95 (5th Cir. 1989). Pena has not set forth facts which indicate that the defendants have violated his rights by placing him in administrative lock-down because prison authorities have broad discretion in classifying their prisoners. *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990). Pena does not have a constitutional right not to be classified as a security threat, and the court will not interfere with the decision to assign him to confined custody as a result of the classification. *Meachum v. Fano*, 96 S.Ct. 2532, 2538 (1976); *Wilkerson v. Stalder*, 329 F.3d 431, 435-36 (5th Cir. 2003) ("an inmate has no protectable liberty interest in his classification"); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999).

In general, prisoner civil rights complaints are only actionable where the facts show that prison officials have harmed or endangered the complaining prisoner and the officials were aware that their actions were dangerous to the prisoner's health or safety. *See Farmer v. Brennan*, 114 S.Ct. 1970, 1977 (1994); *Estelle v. Gamble*, 97 S.Ct. 285, 292 (1976). The Eighth Amendment mandates "reasonable" safety, not "absolute" safety. *See Newton v. Black*, 133 F.3d 301, 307 (5th Cir. 1998). Pena's vague fears that he might be identified and subject to assault as an ex-gang member do not implicate a constitutional violation. *See Babcock v. White*, 102 F.3d 267, 271-72 (7th Cir. 1996).

Pena's complaints that his meals are cold and that he is unable to shower everyday are not actionable. *See Berry v. Brady*, 192 F.3d 504, 507-08 (5th Cir. 1999); *Eason v. Thaler*, 73 F.3d

1322, 1327 (5th Cir. 1996) (Prison officials do not violate the Eighth Amendment with regard to nutrition if the inmates receive 'reasonably adequate' food), *citing George v. King*, 837 F.2d 705, 707 (5th Cir. 1988); *Walker v. Mintzes*, 771 F.2d 910, 928 n.5 (6th Cir. 1985) (Two or three showers weekly for inmates who do not work is sufficient). As a prisoner, Pena has no expectation of privacy and he cannot complain about the searches. *Marshall v. Norwood*, 741 F.2d 761, 763-64 (5th Cir. 1984). Prisons are not supposed to be comfortable. *Rhodes v. Chapman*, 101 S.Ct. 2392, 2400 (1981). The fact that inmates in administrative lock-down are under greater restrictions and have less amenities than those in general population does not implicate a constitutional violation. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998). Such conditions are a part of normal prison life and must be endured by those who need to be held apart from the others. *Id*.

Pena's motion for an FBI investigation (Docket Entry No. 3) will be denied because he has no standing to seek such an investigation. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir.1990).

This civil rights action is **DISMISSED** as frivolous under 28 U.S.C. § 1915(e) because it lacks an arguable basis in law. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

### III. Motion to Proceed In Forma Pauperis

Pena has moved to proceed as a pauper. The motion (Docket Entry No. 2) is **GRANTED**. However, Pena is **ORDERED** to pay the entire filing fee as soon as funds become available. 28 U.S.C. § 1915(b). The TDCJ-ID Inmate Trust Fund is **ORDERED** to withdraw $44.00 from Pena's Account and forward the funds to the Clerk. Thereafter, the Inmate Trust Fund shall deduct 20% of each deposit made to Pena's inmate trust account and forward the funds to the Clerk on a regular

basis, in compliance with the provisions of 28 U.S.C. § 1915(b)(2), until the entire filing fee ($150.00) has been paid.

### IV. Motion for Appointment of Counsel and Production of Documents

Pena has filed a motion (Docket Entry No. 6) seeking production of any documents used to hold him as a suspected gang member. The defendants in this action are government employees and are entitled to protection from unnecessary costs, including discovery, associated with civil lawsuits that have no basis. *See Vander Zee v. Reno*, 73 F.3d 1365, 1368-69 (5th Cir. 1996); *Jacquez v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986). The motion will be denied because the claims are frivolous.

Pena has moved for court appointed counsel. In general, there is no right to such counsel in civil rights cases. *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989). The motion is **DENIED** due to the elementary nature of the issues and Pena's apparent ability to prosecute his case. *Wendell v. Asher*, 162 F.3d 887, 892 (5th Cir. 1998).

### V. Conclusion and Order

The court **ORDERS** the following:

1. This prisoner civil rights action, filed by Cesar Pena, TDCJ # 637748, is **DISMISSED** as frivolous. 28 U.S.C. § 1915(e).

2. The Application to Proceed *in forma pauperis* (Docket Entry No. 2) is **GRANTED**.

3. The TDCJ-CID Inmate Trust Fund is **ORDERED** to collect the filing fee and forward it to the court as provided in this Order.

3. The motions for investigation, production of documents and for court appointed counsel (Docket Entry Nos. 3, 4, and 6) are **DENIED**.

5

4. The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; the TDCJ-ID Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax Number Fax Number (936) 437-4793; and Betty Parker, United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** on this 26th day of September, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE